USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

CHERYL A. WOLF, RAYMOND J. FALLICA, and
MARY PISCITELLO,

                    Petitioners,

        -v-

UNITED STATES FEDERAL BUREAU OF
INVESTIGATION,

                    Respondent.

---------------------------------------------------------------------X

16-CV-9436 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Petitioners Cheryl Wolf, Raymond Fallica, and Mary Piscitello, proceeding *pro se*, petition for a writ of mandamus requiring the Federal Bureau of Investigation ("FBI") to investigate a host of allegations against the Department of Justice, the Attorney General of the United States, and certain federal judges, among others. (*See* Docket No. 1 ("Petition")). Respondent now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Petitioners' claims in their entirety. (Docket No. 11). For the reasons stated below, Respondent's motion to dismiss is GRANTED, and the Petition is dismissed in its entirety.

## BACKGROUND

The following facts — which are taken from the Petition, materials it incorporates, and matters of which the Court may take judicial notice — are construed in the light most favorable to Petitioners. *See, e.g.*, *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011).

To put it mildly, the facts alleged in the Petition are somewhat difficult to follow. As far as the Court can tell, Petitioners' disputes began in 1996, when Fallica submitted a bid to perform

work on a field house at the United States Merchant Marine Academy.  (Petition, Exs. 2, 3; *see also* Docket No. 12 ("Resp.'s Br."), at 5).  The bid was rejected.  *See Wolf v. FBI*, No. 14-CV-5999 (SJF) (E.D.N.Y. July 20, 2015), *attached as* Docket No. 13 ("Lee Decl."), Ex. 1 ("2015 E.D.N.Y. Op.").  Since that time, Petitioners have filed no fewer than five lawsuits related to the failed bid.  *See, e.g.*, *Wolf v. United States*, 127 F. App'x 499, 500 (Fed. Cir. 2005) (affirming dismissal of racketeering and constitutional claims against the United States); *Wolf v. D.O.J. Office of Prof'l Responsibility*, 12-CV-5176 (JFB) (E.D.N.Y. Dec. 20, 2012) (dismissing writ of mandamus with prejudice), *attached as* Lee Decl., Ex. 2.

Petitioners' instant suit appears to stem from the dismissal of Wolf and Fallica's request for a writ of mandamus in 2014 by District Judge Sandra J. Feuerstein of the Eastern District of New York.  *See* 2015 E.D.N.Y. Op. 1.  In that case, Petitioners claimed that the "FBI failed to investigate their complaint against [Eastern District of New York District] Judge [Joseph F.] Bianco," who had dismissed a previous suit that they had brought.  *Id.* at 2-3.  Petitioners sought a writ of mandamus "to compel the FBI to investigate Judge Bianco."  *Id.* at 10.  Judge Feuerstein denied Petitioners' request, both because they did not allege any factual basis demonstrating a right to relief and because their claims were precluded by *res judicata*.  *Id.* at 10-11.  Notably, she also enjoined Petitioners from filing any new civil actions in the Eastern District of New York relating to the 1996 bid and subsequent litigation without first obtaining leave of court.  *Id.* at 14.  Thereafter, in May 2016, Fallica filed a complaint directly with the FBI "regarding deprivation of rights under color of Law, interference of federal statute, and misprision of treason"; Fallica also claimed that "the courts and the Department of Justice . . . conspired together" to violate his rights.  (Petition 6; *id.*, App'x 1).  On December 6, 2016, Petitioners filed the present Petition, seeking to "[m]andate FBI act on rule of law when DOJ Attorney General Office will not bring a case to arrest indict the DOJ

2

Attorney General." (Petition 20).

## DISCUSSION

The precise nature of Petitioners' claims is difficult to discern. If nothing else, the fact that their Petition is styled "Writ for Peremptory Mandamus to Mandate the FBI to Act on the Rule of Law" makes plain that they seek a writ of mandamus. However, they also cite, *inter alia*, the Administrative Procedure Act ("APA"), provisions of the Constitution, the False Claims Act ("FCA"), and the All Writs Act. (*See, e.g.*, Petition 3, 5, 20, 21). But what causes of action, if any, Petitioners assert under those laws is indecipherable. (*See, e.g.*, Petition 21 ("Here this court has the authority of all writs act as affirmed by executive branch Prosecutorial Judicial Interpolation is a perversion of the United States Constitution.")). Thus, the Court limits its discussion to what it can understand: Petitioner's request for a writ of mandamus. To the extent Petitioners seek other forms of relief, those claims are dismissed as unintelligible. *See Jiggetts v. UPS*, No. 14-CV-8291 (AJN), 2017 WL 1164698, at *4 (S.D.N.Y. Mar. 27, 2017) ("[I]f a *pro se* plaintiff makes allegations that are 'so confused, ambiguous, vague, or otherwise unintelligible that [their] true substance, if any, is well disguised,' dismissal of any claims such allegations purport to raise is appropriate." (second alteration in original) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x. 693, 694 (2d Cir. 2005) (summary order) (affirming dismissal of a *pro se* complaint as unintelligible).[1]

Under Title 28, United States Code, Section 1361, known as the Mandamus Act, this Court has authority "to compel an officer or employee of the United States or any agency thereof to

---

[1] In any event, to the extent that Petitioners bring any independent claims under the Constitution, the APA, or the FCA, the Court almost certainly lacks subject-matter jurisdiction, substantially for the reasons stated in Respondent's memorandum of law. (*See* Resp.'s Br. 17-19).

perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus, however, "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes,'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259 (1947)), which should be "granted only in the exercise of sound discretion," *Whitehouse v. Ill. Cent. R.R. Co.*, 349 U.S. 366, 373 (1955)). Thus, to prevail in an action for a writ of mandamus, a petitioner must show "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (quoting *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972)). Significantly, as the first and second prongs of the test make plain, "a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990).

Petitioners cannot come close to meeting that demanding test. Courts have uniformly — and correctly — held that the "[i]nitiation of a criminal investigation by the F.B.I. is clearly a discretionary act." *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982); *accord Gant v. FBI*, 992 F. Supp. 846, 848 (S.D. W. Va. 1998); *Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995); *see* 28 U.S.C. § 535(a) (providing that the FBI "may investigate" certain crimes involving government officials or employees); *cf. Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."). Relatedly, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam). Accordingly, courts have uniformly — and correctly — denied mandamus relief where, as here, a party has sought to compel the FBI to investigate or prosecute alleged criminal activity. *See, e.g.*,

4

*id.* at 234-35; *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010); *Tyler v. U.S. Att'y*, No. 07-CV-361 (LSC), 2007 WL 3028420, at *1-2 (D. Neb. Oct. 16, 2007); *Gant*, 992 F. Supp. at 848; *Whittle v. Moschella*, 756 F. Supp. 589, 597 (D.D.C. 1991). These decisions compel dismissal of Petitioners' request here.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss is granted in its entirety and the Petition is dismissed.[2] Given the frivolousness of Petitioners' claims, and the Court's sneaking suspicion that Petitioners filed in this District to evade the litigation bar imposed in the Eastern District, the Court is tempted to go further and impose on Petitioners either sanctions or a litigation bar in this District. Nevertheless, in view of Petitioners' *pro se* status and the fact that Respondent does not seek sanctions or a litigation bar, the Court will not do so. Petitioners are cautioned, however, that if they file yet another frivolous suit arising out of the events described in the Petition and in their four prior federal cases, sanctions may well be imposed. Further, given the nature of Petitioners' claims here and their history of filing meritless claims in the Eastern District, Petitioners are warned that further duplicative or frivolous litigation in this Court may result in an order, akin to the order entered in the Eastern District, barring them from filing new actions without prior permission. *See* 28 U.S.C. § 1651; *see also, e.g.*, *Malley v. N.Y.C. Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (per curiam).

The only remaining question is whether Petitioners should be granted leave to amend their Petition. Although leave to amend a pleading should be freely given "when justice so requires,"

---

[2] Accordingly, the Court need not and does not address Respondent's other arguments for dismissal.

Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Exercising that discretion here, the Court declines *sua sponte* to grant Petitioners leave to amend their Petition. First, a district court may deny leave to amend when, as here, amendment would be futile because the problems with a plaintiff's claims are "substantive" and "better pleading will not cure" them. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Second, Petitioners were already granted leave to amend their Petition to cure deficiencies raised in Respondents' first motion to dismiss and were explicitly cautioned that they "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." (Docket No. 14). Finally, Petitioners "ha[ve] not requested permission to file a [second amended Petition], nor ha[ve they] given any indication that [they are] in possession of facts that would cure the problems" identified in this Memorandum Opinion and Order. *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to terminate Docket No. 11, to close the case, and to mail a copy of this Memorandum Opinion and Order to Petitioners.

SO ORDERED.

Dated: January 25, 2018
New York, New York

JESSE M. FURMAN
United States District Judge